IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br>DATA TRANSFORMATION CORP.<br>1010 Wayne Avenue<br>Silver Spring, MD 20910<br>Defendant. | CIVIL ACTION NO.<br><br><br><br><br>COMPLAINT AND<br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Duane Wesley ("Wesley"). As alleged with greater particularity below, Data Transformation Corporation ("Defendant" or "DTC") terminated Wesley because of his disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4. At all relevant times Data Transformation Corporation, a Maryland company with its principal office at 1010 Wayne Avenue, Silver Spring, MD 20910 has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Wesley filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

- 3 -

8. Since at least 2008, Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 12102(2)(C), discriminating against Duane Wesley because of his disability under the ADA, in the following manner:

    A. Wesley worked for Defendant from 2006 until 2008.

    B. In 2008, Wesley was diagnosed with cancer and related illnesses. He informed Defendant about his illnesses.

    C. Despite its awareness of Wesley's illnesses, Defendant made clear that Wesley was expected to call into work early every morning if he could not come to work. Wesley indicated that calling into work every morning could be difficult, in light of the nature and severity of his illnesses and prolonged hospitalizations. Defendant refused to accommodate Wesley with respect to this policy.

    D. Despite its awareness of the nature and severity of Wesley's illnesses and his prolonged hospitalizations, Defendant made clear that Wesley could not exceed 30 days of unpaid leave; otherwise it would terminate him. Though Wesley needed an additional week of unpaid leave before returning to work, Defendant refused to accommodate Wesley with respect to this policy. Defendant refused to accommodate Wesley with respect to modifying this policy.

    E. Defendant unlawfully refused to reasonably accommodate Wesley's disabilities, which resulted in his terminated.

    F. On July 28th, 2008 Defendant terminated Wesley because of his disabilities.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to Wesley's federally protected rights.

11. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Wesley by depriving him of equal employment opportunities in violation of the ADA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices,

C. Order Defendant to make Wesley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest and job search expenses, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Wesley whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

E.  Order Defendant to pay Wesley punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Debra M. Lawrence
Acting Regional Attorney (Fed. Bar # 04312)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
JOHN ALVIN HENDERSON (Fed. Bar # 28419)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)