IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) 8:09-CV-2559 RWT ) |
| DATA TRANSFORMATION CORP. | ) ) |
| Defendant. | ) |

## CONSENT DECREE

### INTRODUCTION

A.   On September 30, 2009, Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC") filed a Complaint against Defendant Data Transformation Corporation ("Defendant") seeking relief for Duane Wesley, one of Defendant's former employees. In the lawsuit, the EEOC alleged that Defendant violated the Americans with Disabilities Act (the "ADA") when it failed to provide Wesley with a reasonable accommodation and subsequently terminated him. In response to this lawsuit, the Defendant has denied all allegations and wrongdoing.

B.   This ORDER is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein, it is ORDERED, ADJUDGED, AND DECREED:

### SCOPE OF ORDER

1.   This Court has jurisdiction over the parties and the subject matter of this action.

2. This Order shall be final and binding upon the Defendant, its directors, officers, agents, employees, successors or assigns,. Defendant shall provide a notice and copy of this Order to any successors, assigns, and to any business entity that purchases or acquires Defendant.

3. Nothing in this Order shall be construed to limit the EEOC's authority to process, investigate, or litigate any discrimination allegation which has been, or may be, filed against Defendant or any other entity.

4. This Order shall be in effect for a period of one year from the date it is entered by the Court and shall be binding on the corporation or its corporate successors in interest, beginning on the date it is entered by the Court. It shall apply to Defendant's facilities located in Silver Spring, MD. During the course of the Order, the Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing compliance with this Order, including issuing such orders as may be required to effectuate the purposes of the Order.

## MONETARY RELIEF

5. Defendant agrees to pay $75,000 in monetary relief to resolve this matter. Payment shall be made directly to Duane Wesley at an address to be provided by EEOC no later than fifteen (15) calendar days after this Decree is executed.

## ANTI-RETALIATION PROVISION

6. Under the ADA, an employer is prohibited from retaliating against any person because that person has engaged in a protected activity. Defendant agrees that it will not retaliate against any person because that person has engaged in protected activity. Moreover, Defendant agrees not to retaliate against any person because he or she participated in the investigation of

Duane Wesley's complaint of discrimination, participated in this litigation, or opposed any matter related to Duane Wesley's charge of discrimination.

7. Defendant shall not divulge, directly or indirectly, except as required by law (i.e. a lawful subpoena or other legal process), to any employer or potential employer of Duane Wesley any of the facts or circumstances related to Wesley's participation in this litigation or the resolution of this matter.

## POLICIES AND PROCEDURES

8. Within 30 calendar days after the Court executes this Order, Defendant will ensure that its Policies contain the following elements: (1) prohibiting and preventing employment discrimination and retaliation; (2) Defendant's Policies will state that the company will fully comply with the ADA; (3) The Policies will state that DTC will engage in the interactive process with all employees or applicants who request a reasonable accommodation; (4) The Policies will state that Defendant will provide a reasonable accommodation to all employees or applicants who need one, unless the accommodation constitutes an undue hardship; and (5) Defendant's Policies will also provide for an effective complaint process for investigating complaints of discrimination and retaliation. Defendant's Policies will include:

A. An e-mail address that Defendant's employees may use to report allegations of discrimination and retaliation. Defendant shall maintain, and be solely responsible for the costs of, the e-mail address for the duration of this Order.

B. A provision stating that investigations of an employee complaint will not be conducted by any person who is the subject of such complaint/s.

C. A provision requiring Defendant to fully investigate, in a timely manner, all discrimination or retaliation complaints regardless of the form in which the complaint is lodged (e.g., oral or written).

D. At a minimum, the following procedures for conducting an investigation into an alleged violation of the ADA, the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:

1. Defendant shall create a list identifying all persons with knowledge about the facts surrounding the complaint.

2. Defendant shall assign a competent person to conduct an independent investigation of the discrimination or retaliation complaints, (hereinafter, the "Investigator"), in compliance with Paragraph 7(B).

3. If a complaint is made orally, Defendant shall create a complete written summary of the complaint.

4. Defendant shall require the Investigator to make good faith efforts to contact all persons with knowledge concerning the allegations to obtain their statements. If the Investigator does not obtain a statement from any such person, the Investigator shall create a record stating why the statement was not obtained and, if applicable, setting forth the time/s, date/s, and frequency of the Investigator's attempts to contact persons with knowledge.

5. At the conclusion of the investigation, the Investigator shall create a report (hereinafter, "Investigative Memorandum") summarizing the

- 4 -

allegations, identifying any persons who corroborate the allegations, the results of the independent investigation, the investigator's credibility assessments, and any recommended personnel actions that should be taken as a result.

6. The Investigator shall issue the Investigative Memorandum to Defendant's EEO Officer no later than 60 calendar days of the date that the employee lodged a complaint.

7. The Investigative Memorandum shall identify the Investigator who investigated the complaint and the person(s) who drafted the Investigative Memorandum.

9. Defendant's Policies identified in Paragraph 8 shall be distributed to all employees who perform work for Defendant no later than 90 calendar days after the Court executes this Order. Defendant shall distribute the Policies by requiring one of its management personnel to deliver the Policies, in person, directly to each worker. Defendant shall discuss the Policies with each individual and shall specifically explain to each individual that Defendant's Policies prohibits retaliation against any worker who reports, opposes, or participates in any manner in an investigation of a claim of discrimination.

10. Defendant shall retain complete records reflecting the date on which its Policies were provided to each worker. Defendant shall maintain a certification that the Policies were discussed and explained to each worker, and identify the person who provided the Policies to each worker and otherwise complied with Paragraph 9.

11. Defendant shall distribute its Policies to each worker in paper form.

12. Within 30 calendar days after the Court executes this Order, Defendant shall designate an employee (hereinafter, the "EEO Officer") as the person to receive all complaints of discrimination or retaliation. Within 30 calendar days from the date of entry of this Order, Defendant shall contact the EEOC to identify its EEO Officer. Should the EEO Officer subsequently be transferred or terminated, Defendant shall inform the EEOC of this personnel action within 10 calendar days from the date of its occurrence. Within 30 calendar days from the date of the transfer or termination, Defendant shall designate a new person as the EEO Officer.

13. No later than seven months from the date that this Order is entered, Defendant shall submit to the EEOC a report listing all of Defendant's employees or applicants who alleged that they were discriminated against or retaliated against at any time during the six month period following the date that this Order is entered. The report shall include a description of the nature of the discrimination and/or retaliation allegations, the name, address, and telephone number of the person(s) who alleged that they were subjected to the unlawful conduct, and any purported witnesses to the allegations. The report shall also include any actions that Defendant took to investigate and address the allegations of discrimination. Defendant shall also state whether the investigation is ongoing, or whether the investigation has been closed. Defendant shall indicate whether there has been any final determination or judgment on the allegations. Defendant shall submit an updated report to the EEOC covering the next six month period one month after the anniversary date of the entry of this Order. Each report shall include a description of any new allegations of discrimination during the period specified and Defendant's actions regarding those allegations. Each report shall also provide a supplement to the previous reports on the status of ongoing investigations and investigations that were reopened by the date of the succeeding report.

## SUPERVISOR TRAINING

14. For the duration of the Order, Defendant shall promote management and supervisor accountability concerning retaliation prohibited by the ADA by:

   A. Providing mandatory anti-discrimination and anti-retaliation training to all supervisory and management personnel;

   B. Disciplining, up to and including discharge, any supervisor or manager who violates Defendant's Policies or who otherwise violates the ADA; and

   C. Imposing on all managers and supervisory personnel a requirement that they report any suspected incidents and/or complaints of discrimination or retaliation for engaging in activity protected under the ADA of which they become aware.

15. Within 60 calendar days after the Court executes this Order, all of Defendant's managers responsible for the interviewing, screening, selecting, hiring, and/or firing of employees shall be required to attend a training program lasting at least two hours. The training shall cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with a particular emphasis on the ADA and reasonable accommodation. For the duration of the Order, Defendant shall provide this training to all newly hired managers, and supervisors, as set forth herein. Within 10 calendar days of providing each such training session, Defendant will advise the EEOC that the training has been conducted.

## NOTICE POSTING

16. Within 10 calendar days after the Court executes this Order, Defendant agrees to post the Notice attached hereto as Attachment A in all places where notices to employees are customarily posted at Defendant's facilities. The Notice shall be posted and maintained for the duration of the Decree.

## GENERAL PROVISIONS

17. All of Defendant's correspondence and certifications related to this Order made to the EEOC shall be sent to John Alvin Henderson, Trial Attorney, EEOC Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore MD 21201 or to any such other person that the EEOC designates.

18. No later than 60 calendar days after the Court executes this Order, Defendant shall provide EEOC with written certification that it has complied fully with this Order.

19. If the EEOC becomes aware of any violation of this Order, it will provide notice to the Defendant and allow the Defendant 30 days to cure the violation before seeking any relief from the Court.

FRED N. KNOPF
Wilson Elser Moskowitz Edelman & Dicker
3 Gannett Drive
White Plains, NY 10604-3407
fred.knopf@wilsonelser.com

ABIGAIL RUBIN
Wilson Elser Moskowitz Edelman & Dicker
abigail.rubin@wilsonelser.com
(914) 872-7871

DEBRA LAWRENCE
Regional Attorney
U.S. EEOC, Baltimore Field Office
10 S. Howard St., Third Floor
Baltimore, MD 21201

M. KATE BOEHRINGER
Supervisory Trial Attorney
U.S. EEOC, Baltimore Field Office
maria.boehringer@eeoc.gov
(410) 905-1982

JOHN A. HENDERSON
Trial Attorney
john.henderson@eeoc.gov

**SO ORDERED**

Signed and entered this 19th day of April, 2012.

THE HONORABLE ROGER W. TITUS
UNITED STATES DISTRICT COURT JUDGE

- 8 -

### NOTICE TO EMPLOYEES OF DATA TRANSFORMATION CORPORATION (DTC)

This Notice is being posted to advise DTC employees that DTC is committed to compliance with the Americans with Disabilities Act, as amended.

The Americans with Disabilities Act (ADA) prohibits discrimination against employees and applicants for employment on the basis of their disabilities. The ADA further prohibits retaliation against employees or applicants who complain about discrimination.

DTC's Policies prohibit disability discrimination and DTC is committed to full compliance with the ADA. DTC's Policies state that DTC will engage in the interactive process with all employees or applicants who request a reasonable accommodation and DTC will provide a reasonable accommodation to all employees or applicants who need one, unless the accommodation constitutes an undue hardship.

DTC maintains a complaint process for investigating complaints of discrimination and retaliation. If you have questions about that process, or about any other matter related to the ADA or disability discrimination, please contact DTC as directed in DTC's Policy.

DTC provides its Policy to employees and will vigorously enforce its Policy prohibiting disability discrimination.

If you believe you have been discriminated against, you may also contact the Equal Employment Opportunity Commission (EEOC) at 1-800-669-4000. The EEOC is a federal agency charged with the responsibility for investigating discrimination complaints.

This Notice will remain posted for one year from the date below and must not be altered, defaced or covered by any other material.

Dated: _____

[ATTACHMENT A]